Jd

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


FILED
JUL 11 2017
Clerk, U.S. District Court
Texas Eastern

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:16CR3 |
| | § | Judge Mazzant |
| ALBERTO HERNANDEZ-CHAVEZ (1) | § | |

## PLEA AGREEMENT

The defendant, **Alberto Hernandez-Chavez**, the defendant's attorney Gaylon Riddels, and the United States Attorney for the Eastern District of Texas agree to the following pursuant to Fed. R. Crim. P. 11(c)(1)(C):

1. **RIGHTS OF THE DEFENDANT**: The defendant understands that accused individuals have the following rights, among others:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have guilt proved beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in defense; and

    e. to not be compelled to testify against oneself.

2. **WAIVER OF RIGHTS AND PLEA OF GUILTY**: The defendant waives these rights and agrees to enter a plea of guilty to Count One of the Indictment, which charges a violation of 46 U.S.C. §§ 70503 (a) and 70506(a) & (b). The defendant understands the nature and elements of the crime to which guilt is admitted and agrees that the factual statement the defendant has signed is true and will be submitted as evidence.

Plea Agreement – Page 1

3. **SENTENCE:** The maximum penalties the Court can impose include:

   a. Imprisonment for not less than ten years or not more than life, a fine not to exceed $10 million or both; a term of supervised release of at least five years;

   b. a mandatory special assessment of $100.00, which must be paid by cashier's check or money order to the United States District Clerk before sentencing;

   c. forfeiture of property involved or traceable to the criminal offense;

   d. restitution to victims or to the community; and

   e. costs of incarceration and supervision.

4. **AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(C)(1)(C):** The parties agree that the appropriate sentence in this case is a term of imprisonment for 168 months; a special assessment of $100.00; any fine, restitution, or forfeiture that the Court determines is appropriate; and a term of supervised release of five years. The parties understand that the Court may decline to accept this agreement. If the Court does not accept the agreement, the defendant will be given the opportunity to withdraw from the plea.

5. **RESTITUTION:** The defendant understands that restitution may be ordered by the Court. The defendant agrees that restitution in this case is not limited to the offense of conviction and may include restitution for all losses caused by the defendant's criminal conduct, even if such losses resulted from crimes not charged or admitted by the defendant in the factual statement. The defendant waives any defense or objection to any action to enforce the collection of the financial obligations to be imposed in connection

with this prosecution, including, but not limited to, all collection procedures authorized by 28 U.S.C. § 3001, 18 U.S.C. § 3664(j)(2), or 18 U.S.C. § 3613(f).

6. **GOVERNMENT'S AGREEMENT**: The United States Attorney for the Eastern District of Texas agrees not to prosecute the defendant for any additional non-tax related criminal charges based upon the conduct underlying and related to the defendant's plea of guilty. After sentencing, the government will dismiss any remaining criminal charges against this defendant.

7. **VIOLATION OF AGREEMENT**: The defendant understands that upon violation of any provision of this agreement or any Court order or rule, or if the guilty plea pursuant to this agreement is vacated or withdrawn, the government will be free from its obligations under this agreement and may prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution.

8. **VOLUNTARY PLEA**: This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement.

9. **WAIVER OF RIGHT TO APPEAL OR OTHERWISE CHALLENGE SENTENCE**: Except as otherwise provided in this paragraph, the defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. The defendant, however, reserves the right to appeal the failure of the Court, after accepting this agreement, to impose a

sentence in accordance with the terms of this agreement. The defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

10. **WAIVER OF RIGHT TO RECORDS**: The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

11. **REPRESENTATION OF COUNSEL**: The defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and is fully satisfied with defense counsel's legal representation. The defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the defendant's rights affected thereby, and the alternatives to entering a guilty plea. After conferring with counsel, the defendant concedes guilt and has concluded that it is in the defendant's best interest to enter this agreement rather than proceeding to trial.

12. **IMMIGRATION STATUS CONSEQUENCES**: Defendant recognizes that pleading guilty to a crime may affect the immigration status of people who are not citizens of the United States. Under federal law, a broad range of crimes are removable offenses including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect this conviction will have on the defendant's

immigration status. The defendant wants to plead guilty regardless of any immigration consequences that the plea may entail, even if the consequence is automatic removal from the United States.

13. **WAIVER OF INTERNATIONAL PRISONER TRANSFER:** the defendant hereby waives all rights, whether asserted directly or by a representative, to participate in any international prisoner transfer program.

14. **LIMITATIONS ON THIS AGREEMENT:** This agreement is only binding on the United States Attorney's Office for the Eastern District of Texas and does not bind any other federal, state, or local prosecuting authority. Nothing in this agreement shall be construed to release the defendant from possible related or consequential civil liability to any individual, legal entity, or the United States.

15. **ENTIRETY OF AGREEMENT:** The defendant, the defendant's attorney, and the government acknowledge that this is a complete statement of the parties' agreement in this case. It supersedes all other plea agreements and may not be modified unless the modification is in writing and signed by all parties. No other promises have been made or implied.

Respectfully submitted,

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

Dated: 7/5/17

ERNEST GONZALEZ
Assistant United States Attorney

Plea Agreement – Page 5

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

Dated: _____      06-17-17
                                    ALBERTO HERNANDEZ-CHAVEZ
                                    Defendant


I am counsel for the defendant. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 6/27/17                      GAYLON RIDDELS
                                    Attorney for Defendant